■ SAMUEL BRACH Appellant, v PETER HOFFMAN et al., Respondents.—In an action, *inter alia,* to compel specific performance of a shareholder's agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated May 4, 1989, which denied his motion, *inter alia,* for summary judgment and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting therefrom the provision granting the defendants' cross motion for summary judgment and substituting therefor a provision denying the cross motion, and deleting therefrom the provision denying that branch of the plaintiff's motion which was to relieve the defendant Shimon Ludmir of his duties as managing agent, and granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The individual parties to this action each have a one-third interest in the 88-15 Executive Arms Realty Corp. The shareholder's agreement provides, in part, as follows: "The parties agree that SHIMON LUDMIR shall be the managing agent for the property acquired by the Corporation at an annual salary of $25,000 for a one-year term. If LUDMIR shall fail to manage the property properly or terminate his employment as manag-

ing agent, or be unable to serve, then the Parties shall mutually agree upon a replacement managing agent."

The plaintiff commenced this action, seeking, *inter alia,* to compel specific performance of that provision and an order directing that the defendant Shimon Ludmir be terminated as managing agent because the one-year period referred to in the above shareholder's agreement had elapsed. The Supreme Court, apparently believing that the provision entitled Ludmir to an indefinite term of employment, granted the defendants' motion for summary judgment and dismissed the complaint. We now reverse. The clear language of the provision entitled Ludmir to serve as managing agent for only one year. Accordingly, the Supreme Court improperly granted the defendants' motion for summary judgment. We grant the plaintiff's motion for summary judgment to the extent of directing that Ludmir be relieved of his duties as managing agent for the property owned by the corporation. Thompson, J. P., Kunzeman, Lawrence and Rosenblatt, JJ., concur.